**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| FARDOES KHAN, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> CHILDREN'S NATIONAL HEALTH SYSTEM, <br><br> Defendant. | Case No. <br><br><br> Judge |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Children's National Health System ("CNHS"), through counsel and pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, hereby removes this action from the Circuit Court for Montgomery County, Maryland, to the United States District Court for the District of Maryland. The grounds for removal are as follows:

## I. BACKGROUND

1. On June 1, 2015, Fardoes Khan individually and on behalf of all other similarly situated persons ("Plaintiffs") filed a civil putative class action complaint against CNHS in the Circuit Court for Montgomery County, Maryland, styled *Fardoes Khan v. Children's National Health System*, Case No. 405614-V. The Complaint is attached to this Notice as Exhibit A.

2. Plaintiff alleges that criminals, through phishing scams, hacked into various CNHS employee email accounts that harbored patient information (including patients' personally identifiable information ("PII") as well as medical records and private health information ("PHI")), thereby causing a data breach between July 26, 2014, and December 26, 2014. (Ex. A, Compl. ¶¶ 13-15.) This alleged data breach, according to Plaintiff, has caused "substantial injury" including, but not limited to:

(i) loss of privacy, (ii) the imminent, immediate, and continuing increased risk of identity theft, identity fraud and/or medical fraud, (iii) out-of-pocket expenses to purchase credit monitoring, internet monitoring, identity theft insurance and/or other data breach risk mitigation products, (iv) out-of-pocket expenses incurred to mitigate the increased risk of identity theft, identity fraud and/or medical fraud pressed upon them by the data breach, (v) the value of their time spent mitigating the increased risk of identity theft, identity fraud and/or medical fraud pressed upon them by the data breach, (vi) deprivation of the value of their PII/PHI, for which there is a well-established national market, and/or (vii) the diminished value of services they paid to Defendant . . . for which they are entitled to compensation.

(*Id.* ¶¶ 89, 110, 117.)

3.      Plaintiff further alleges that CNHS "by and through its . . . negligent actions and/or inaction, unlawfully breached its duties to Plaintiff and Class Members by, among other things, failing to exercise reasonable care in safeguarding and protecting their PII/PHI within its possession, custody and control." (Ex. A, Compl. ¶105.) Additionally, Plaintiff contends that CNHS provided "untimely and inadequate" notification of the data breach. (*Id.* ¶ 59.)

4.      Based on the foregoing allegations, Plaintiff asserts claims for violations of the Maryland Consumer Protections Act (Count I), violations of the Washington D.C. Consumer Protection Procedures Act (Count II), common law negligence (Count III), breach of implied contract (Count IV), unjust enrichment (Count V), and invasion of privacy (Count VI). (Ex. A, Compl. ¶¶ 88-126.)

5.      Plaintiff seeks "(i) actual and other economic damages, nominal damages, statutory damages, liquidated damages and/or treble damages, (ii) punitive damages, (ii) injunctive relief, (iv) declaratory relief, and (v) attorneys' fees, litigation expenses and costs of suit." (Ex. A, Compl. ¶ 39.)

## II.    <u>GROUNDS FOR REMOVAL</u>

6.      This case is removable pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453.

**A.     Removal is Timely**

7.     Plaintiff's Complaint was served on June 25, 2015. Accordingly, CNHS' Notice of Removal is timely because it was filed on or before July 27, 2015.  28 U.S.C. § 1446(b); FED. R. CIV. PROC. 6(a)(1)C).

**B.     This Court has Original Jurisdiction**

8.     This Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d), because this case:  (i) involves a minimal diversity of citizenship among the parties; (ii) is a putative class action filed under Maryland Rule of Civil Procedure 2-231 with over 100 proposed plaintiff class members; and (iii) the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d).

**1.     *Diversity of Citizenship Exists.***

9.     Federal courts may exercise jurisdiction over a class action if any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332 (d)(2)(A); *see also Miss. ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 740 (2014).

10.     Plaintiff Kahn is a citizen of Maryland and seeks to represent 18,000 other patients of CNHS.  Among the other 18,000 patients who are in the proposed class are citizens of Maryland, Virginia, and various other states outside of the District of Columbia.

11.     CNHS is a brand name used by Children's National Medical Center, which is a citizen of Washington D.C. because it is incorporated in Washington D.C. with its principal place of business in Washington D.C.  *See* 28 U.S.C. § 1332(c)(1).

12.     Because CNHS and members of the putative class are citizens of different states, minimal diversity exists.  *See* 28 U.S.C. § 1332(d)(2).

**2.     *The CAFA Amount in Controversy Threshold is Satisfied.***

13.     Removal is also appropriate because Plaintiffs' Complaint in the aggregate places more than $5 million at issue in this case.[1] *See* 28 U.S.C. § 1332(d)(2); *see also Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) ("CAFA's primary objective [is] ensuring Federal court consideration of interstate cases of national importance.") (internal quotation marks and citations omitted); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (quoting S. REP. NO. 109-14, at 43 (2005)) ("CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'").

14.     "Generally, the amount requested in the complaint determines the amount in controversy." *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 508-09 (D. Md. 2002). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, (2014) ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."); 28 U.S.C. § 1446(c)(2)(A)(ii).

15.     On its face, Plaintiff's Complaint places more than $5 million in the aggregate at issue in this case. Plaintiff's putative class is alleged to have as many as 18,000 people. (Ex. A.,

---

[1] In filing this Notice of Removal, CNHS does not concede liability on any of the claims asserted in Plaintiffs' Complaint, or that they are entitled to recover any damages. *See Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002) (determining the amount in controversy based on what plaintiffs could be entitled to if they prevailed on the claims stated in their complaint); *Mudd v. Comcast of Md., LLC*, No. PWG-14-2310, 2015 WL 773017, at *4 (D. Md. Feb. 23, 2015) (holding that the proponent of jurisdiction need not admit liability on plaintiffs' claims or prove that plaintiffs actually sustained damages, but instead must only show by preponderance of the evidence that claimed damages could legally be awarded by a fact finder); *Manson v. GMAC Mortgage, LLC*, 602 F. Supp. 2d 289, 293 (D. Mass. 2009) (citing *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009)) (noting that in a removal action brought under CAFA the "likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.").

Compl. ¶ 18.) Accordingly, Plaintiff needs only to have claimed damages of approximately $280 per class member for more than $5 million to be considered in controversy.

16.      In the First, Third, and Fourth Counts, Plaintiff has demanded damages to reflect (1) an increased risk of identity theft, identity fraud, and medical fraud, (2) the cost of data breach risk mitigation products such as credit monitoring, internet monitoring, and identity theft insurance, (3) expenses incurred to mitigate increased risk of identity or medical fraud, and (4) compensation for time spent mitigating these risks. (Ex. A., Compl. ¶¶ 93, 110, 117.)

17.      Plaintiff alleges that "[v]ictims and potential victims of identity theft, identity fraud and/or medical fraud-such as Plaintiffs and Class Members typically spend hundreds of hours in personal time and hundreds of dollars in personal funds to resolve credit and other financial issues resulting from data breaches." (Ex. A., Compl. ¶¶ 65.) Plaintiff also cites to a report indicating that "there [is] a substantially increased risk of identity theft and identity fraud for data breach victims" and that "those who are further victimized by identity theft or identity fraud will incur an average fraud-related economic loss of $1,513 and incur an average of $354 of out-of-pocket expenses attempting to rectify the situation." (*Id.*)

18.      Multiplying just Plaintiff's claimed potential fraud-related out-of-pocket expenses of $354 per claimant by the 18,000 people that Plaintiffs indicate were affected by the alleged data breach, means that Plaintiff has placed an amount in controversy in excess of $6,000,000— an amount that by itself exceeds the $5,000,000 amount in controversy requirement of 28 U.S.C. § 1332(d)(2). (Ex. A., Compl. ¶ 18.).

19.      Plaintiff also alleges that CNHS violated the District of Columbia Consumer Protection Procedures Act ("D.C. CPPA"). (Ex. A., Compl. ¶¶ 94-97.); *see* D.C. Code § 28-3905(k)(2) (2015). As part of their D.C. CPPA claim, Plaintiff alleges that CNHS violated the

Health Insurance Portability Accountability Act ("HIPAA"), and the Health Information Technology for Economic and Clinical Health Act ("HITECH"), constituting two additional predicate violations of the D.C. CPPA. (*Id.* ¶ 96.) In connection with these allegations, Plaintiff claims that putative class members are entitled to "treble damages or statutory damages in the amount of $1,500 per violation, whichever is greater." (*Id.* ¶¶ 94-97.); *see* D.C. Code § 28-3905(k)(2) (2015). Thus, the Complaint seeks alleged statutory damages under the D.C. CPPA, of up to $27,000,000 or more in the aggregate. *See e.g.*, *McMullen v. Synchrony Bank*, No. CV 14-1983, 2015 WL 632212, at *3 (D.D.C. Feb. 13, 2015) (finding that CAFA's $5 million amount-in-controversy requirement was satisfied where named plaintiff in a putative class action with 367 potential class members claimed $10,700 in damages, and asserted that class members were entitled to receive "treble damages or $1,500 per violation, whichever is greater" under the D.C. CPPA, because $32,130 was in controversy for each class member); *Cannon v. Wells Fargo Bank, N.A.*, 908 F. Supp. 2d 110, 114 (D.D.C. 2012) ("Ten violations of the [D.C. CPPA] with damages of $1,500 per violation for each of the 738 members of the class amounts to a total of $11,070,000—more than double the amount in controversy necessary under the CAFA.").

20.     Plaintiff also seeks additional damages attributable to alleged "emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses." (Ex. A., Compl. ¶ 126.)   Where those damages are warranted, federal courts have awarded non-pecuniary damages ranging from $100,000 to $150,000. *See Time, Inc. v. Firestone*, 424 U.S. 448, 460-61 (1976) (upholding an award of $100,000 for mental anguish associated with reputational damage); *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 507 (4th Cir. 2007) (awarding emotional distress damages of $150,000 to a consumer who sued a credit reporting agency for failure to expunge errors from her credit report); *see also Jones v. Southpeak Interactive Corp.*,

777 F.3d 658, 673 (4th Cir. 2015) (affirming an award of $100,000 in emotional distress damages).

21.     In a communication accompanying service of the Complaint, Plaintiff's counsel made a settlement demand that contemplates a settlement value of significantly more than $5 million.

22.     For these reasons, the $5 million aggregated amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied.

### 3.     *The Class Action was Filed under Maryland Rule of Civil Procedure 2-231 and has over 100 Proposed Plaintiff Class Members.*

23.     Plaintiff filed this action as a class action under Maryland Rule of Civil Procedure 2-231, a rule substantially similar to Federal Rule of Civil Procedure 23 that authorizes actions to be brought by one or more representative persons. *See* 28 U.S.C. § 1332(d)(1)(B); *see e.g.*, *Philip Morris Inc. v. Angeletti*, 752 A.2d 200, 219 (Md. 2000). Plaintiff affirmatively alleges that she is bringing this action on behalf of "[a]ll natural persons who were sent a letter by Defendant regarding the data breach . . . ." (Ex. A., Compl. ¶ 76.)   Plaintiff claims that there are 18,000 potential class members that were either affected or notified about the data breach.  (Ex. A., Compl. ¶ 79.) Plaintiff also affirmatively alleges that "[q]uestions of law and fact common to all class members exist and predominate over any questions affecting only individual Class members . . . ." (Ex. A., Compl. ¶ 80.) Accordingly, the jurisdictional requirements of 28 U.S.C. § 1332(d) are satisfied.

24.     For all of these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) and this case is removable pursuant to 28 U.S.C. § 1441(a).  Removal to this Court is appropriate because this judicial district embraces the district and division in which this case was pending in state court. 28 U.S.C. § 1446(a).

**III.**     **STATE COURT PLEADINGS AND NOTICE**

25.     Pursuant to 28 U.S.C. § 1446(a), copies of the current State Case docket, each pending motion, petition, and related response, reply, and brief (none are pending), and all process, pleadings, and orders served upon CNHS in the State Case are attached hereto as Exhibit A.

26.     Pursuant to 28 U.S.C. § 1446(d), CNHS will provide written notice of the filing of this Notice to all parties and a copy of this Notice will be filed with the Clerk of the Circuit Court for Montgomery County, Maryland.

WHEREFORE, Defendant CNHS respectfully removes this case to the United States District Court for the District of Maryland.

Dated:  July 21, 2015               BAKER & HOSTETLER LLP

By: */s/Elizabeth A. Scully*_____
     Elizabeth A. Scully (Bar No. 27402)
     Washington Square, Suite 1100
     1050 Connecticut Avenue, NW
     Washington, D.C. 20036-5304
     Tel: 202.861.1698
     Fax: 202.861.1783
     escully@bakerlaw.com

     Paul G. Karlsgodt *(pro hac motion forthcoming)*
     Baker & Hostetler LLP
     1801 California Street, Suite 4400
     Denver, CO  80202
     Tel: 303.861.0600
     Fax: 303.861.7805
     pkarlsgodt@bakerlaw.com

     Douglas L. Shively *(pro hac motion forthcoming)*
     Baker & Hostetler LLP
     1900 East 9th Street, Suite 3200
     Cleveland, OH 44114-3482
     Tel: 216-861-6486
     Fax: 216.696.0740
     dshively@bakerlaw.com

*Attorneys for Defendant Children's National Health System*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2015, the foregoing *Defendant's Notice of Removal* was

served via email and first class mail, on the following:

Tracy D. Rezvani
Rezvani Volin P.C.
1050 Connecticut Avenue, N.W., 10th Floor
Washington, D.C. 20036
trezvani@rezvanivolin.com

Kevin I. Goldberg
Goldberg, Finnegan & Mester, LLC
8401 Colesville Road, Suite 630
Silver Spring, MD  20910
kgoldberg@gfmlawllc.com

Mila F. Bartos
Finkelstein Thompson LLP
James Place
1077 30th Street, N.W., Suite 150
Washington, DC  20007
mbartos@finkelsteinthompson.com

*/s/ Elizabeth A. Scully*
Elizabeth A. Scully (Bar 27402)
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, D.C. 20036-5304
Tel: 202.861.1698
Fax: 202.861.1783
escully@bakerlaw.com

*Attorneys for Defendant Children's National
Health System*

607103754.1