**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

FARDOES KHAN, *et al.*,

                    Plaintiffs,

      vs.

CHILDREN'S NATIONAL HEALTH SYSTEM,

                Defendant.

Case No. 8:15-CV-02125-TDC

Judge Theodore D. Chuang

**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL**
**AUTHORITY IN SUPPORT OF ITS OPPOSITION TO THE MOTION TO DISMISS**
**AND NOTICE OF COUNTER SUPPLEMENTAL AUTHORITY**

CNHS submits this brief response to the notice of supplemental authority filed by Plaintiff on February 8, 2016, in which Plaintiff cited an unpublished Massachusetts state trial court opinion from November 2015, *Walker v. Boston Med. Ctr. Corp.*, No. SUCV20151733BLS1, 2015 WL 9946193, at *1 (Mass. Super. Nov. 20, 2015).[1]  *Walker* is distinguishable on both the law and facts.

First, *Walker* is not persuasive authority here because the court in that case expressly analyzed a Massachusetts state law standard for injury-in-fact standing that the court found was less stringent than Article III.  The *Walker* court expressly declined to consider "federal cases addressing motions to dismiss for lack of standing in data breach cases" because "[t]he Massachusetts standard for recognizing standing appears to be more liberal, allowing standing when there is risk of harm."  *Id.* at *1 n. 4.  By contrast, the federal Article III standard

---

[1]It should be noted that Plaintiff's proposed sur-reply brief, which was filed more than a month after *Walker* was decided, did not mention *Walker*.  (Dkt. 28-1.)

applicable here requires a showing of harm that is "certainly impending." (*See* D. Opening Br., Dkt. 22-1, at 6-7.)

Second, *Walker* involved facts that are distinguishable from those present in this case. In *Walker*, the notice letter revealed that the "plaintiffs' medical records were available to the public on the internet for some period of time." 2015 WL 9946193, at *2. In this case, by contrast, Plaintiff has not alleged that any of her personal information (let alone medical records) was even contained in the discrete CNHS employee email accounts compromised during the attack, let alone any facts suggesting that her information was ever available to the public. (*See* D. Opening Br. 2-4 and Ex. A, Dkt. 22-2.)

For these reasons, *Walker* is not persuasive authority that should impact the Court's decision on CNHS's motion in this case.

However, the Court should consider a recent *federal* data breach case in which the U.S. District Court for the District of Minnesota dismissed a putative class action on standing grounds because the plaintiffs' "allegations of future harm do not satisfy the injury-in-fact requirement for Article III standing." *In re SuperValu, Inc.*, No. 14-MD-2586 ADM/TNL, 2016 WL 81792 (D. Minn. Jan. 7, 2016) (Attached hereto as Exhibit 1). In *SuperValu*, the plaintiffs alleged that only one named plaintiff, out of thousands of putative class members, suffered a fraudulent charge following the data breach, and the court held that this allegation was insufficient to establish a risk of harm that was "certainly impending" and fairly traceable to the data breach. *Id.* at *7. Here, Plaintiff does not allege that *any* putative class member has suffered fraudulent charges, identity theft, or any other concrete harm as a result of the data breach.

Respectfully submitted,

Dated: February 15, 2016          BAKER & HOSTETLER LLP

By: _/s/ Elizabeth A. Scully_
    Elizabeth A. Scully (Bar No. 27402)
    Washington Square, Suite 1100
    1050 Connecticut Avenue, NW
    Washington, D.C. 20036-5304
    Tel: 202.861.1698
    Fax: 202.861.1783
    escully@bakerlaw.com

    Paul G. Karlsgodt *Pro Hac Vice*
    1801 California Street, Suite 4400
    Denver, CO  80202
    Tel: 303.861.0600
    Fax: 303.861.7805
    pkarlsgodt@bakerlaw.com

    Douglas L. Shively *Pro Hac Vice*
    1900 E. 9th Street, Suite 3200
    Cleveland, OH  44114
    Tel: 216.861.6486
    Fax: 216.696.0740
    dshively@bakerlaw.com

    *Attorneys for Defendant Children's National Health System*

## CERTIFICATE OF SERVICE

I electronically filed on February 15, 2016, the foregoing *Defendant's Response to Plaintiff's Notice of Supplemental Authority in Support of Its Opposition to the Motion to Dismiss,* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following:

Tracy D. Rezvani
Rezvani Volin P.C.
1050 Connecticut Avenue, N.W., 10th Floor
Washington, D.C. 20036
trezvani@rezvanivolin.com

Kevin I. Goldberg
Goldberg, Finnegan & Mester, LLC
8401 Colesville Road, Suite 630
Silver Spring, MD  20910
kgoldberg@gfmlawllc.com

Mila F. Bartos
Finkelstein Thompson LLP
James Place
1077 30th Street, N.W., Suite 150
Washington, DC  20007
mbartos@finkelsteinthompson.com

Counsel for Plaintiff.

/s/ Elizabeth A. Scully
Elizabeth A. Scully (Bar No. 27402)
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, D.C. 20036-5304
Tel: 202.861.1698
Fax: 202.861.1783
escully@bakerlaw.com

*Attorneys for Defendant Children's National Health System*